# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CRAWFORD BENSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:14CV187 ACL |
| PEMISCOT COUNTY, MISSOURI, et al., | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner seeking leave to proceed in forma pauperis, brings this action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information the Court assesses a partial initial filing fee of $0.45, which is twenty percent of his average monthly deposit. See 28 U.S.C. § 1915(b).

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

From the complaint and its exhibits, it appears that both plaintiff and another man, Scotty McMinn, were suspected of having committed a burglary. Plaintiff says that someone told McMinn they would let him go if he implicated plaintiff in court. He also alleges that he was charged with both a felony and a misdemeanor for the same crime.

The complaint does not rise to the level of plausibility under Iqbal. It contains only conclusions, and not facts. Therefore, it must be dismissed.

Plaintiff's claim against the Jail is legally frivolous because the Jail is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992).

Additionally, the complaint is legally frivolous as to Judge Luber because he is "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

Finally, plaintiff does not allege anything against Dustin Crawford or Eddie Holloway other than that they arrested him and filed a probable cause statement. This does not state a claim under § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall pay an initial filing fee of $.045 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of March, 2015.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE